a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHERPA PASANG LAMA #A201-748-481,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00181<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHAD WOLF ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (ECF No. 2) filed by *pro se* Petitioner Sherpa Pasang Lama[1] ("Lama"). Lama is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at the LaSalle Detention Center in Jena, Louisiana. He seeks release from custody due to prolonged detention and the COVID-19 pandemic.

Because Lama cannot show that he is entitled to a TRO, his Motion (ECF No. 2) should be DENIED.

I. Background

Lama is a native and citizen of Nepal. ECF No. 1 at 25. He was ordered removed on November 5, 2019. ECF No. 1-1 at 2. Lama appealed the order, and his appeal was dismissed on May 12, 2020. *Id.* Therefore, Lama has been in post-

---

[1] According to his typed signature and exhibits, Petitioner's name is Pasang Lama Sherpa. ECF Nos. 1 at 59, 1-1 at 2.

1

removal order detention for nine months. Lama alleges that his detention is unconstitutional as it amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF Nos 1, 2.

II.  **Law and Analysis**

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and TROs. Paragraph (a) of that rule provides that a "court may issue a preliminary injunction only on notice to the adverse party," and paragraph (b) allows the issuance of a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(a) & (b); *Smith v. Tarrant Cty. Coll. Dist.*, 670 F. Supp. 2d 534, 536–37 (N.D. Tex. 2009).

To establish entitlement to a TRO, the complaint must "clearly show" that the petitioner will suffer "immediate and irreparable injury" without injunctive relief. *See* Fed. R. Civ. P. 65(b)(1)(A). And to receive injunctive relief in general, a petitioner must show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)); *see Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992) ("[T]he requirements of [R]ule 65 apply to all

injunctions."). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

First, a TRO cannot be granted because Lama has failed to comply with the basic requirements of Rule 65. He has not submitted an affidavit or a verified complaint with his request.

Next, Lama does not establish a substantial likelihood that he will prevail on the merits. In fact, the Court has ordered Lama to amend his Petition (ECF No. 11) to provide additional information to support his *Zadvydas* claim, which is necessary to determine if the Petition has any merit.

Additionally, Lama has not shown a substantial threat that irreparable harm will result if the relief is not granted. Lama alleges that he has a "history of asthma." ECF No. 1 at 14. However, he does not claim that he currently suffers from this condition or has needed treatment or medication while in ICE custody. In fact, Lama does not allege to suffer from any conditions that would place him at high risk of severe illness from COVID-19 according to the Center for Disease Control.[2]

---

[2] Adults of any age with the following conditions are at increased risk of severe illness from the virus that causes COVID-19: cancer, chronic kidney disease, COPD (chronic obstructive pulmonary disease), Down Syndrome, heart conditions such as heart failure, coronary artery disease, or cardiomyopathies; immunocompromised state (weakened immune system) from solid organ transplant, obesity (body mass index [BMI] of 30 kg/m2 or higher but < 40 kg/m2), Severe Obesity (BMI ≥ 40 kg/m2), pregnancy, sickle cell disease, smoking, or Type 2 diabetes mellitus. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

### III. Conclusion

Because Lama cannot meet the requirements to obtain emergency injunctive relief, IT IS RECOMMENDED that his Motion (ECF No. 2) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, February 12, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE